**FARRINGTON & FAVIA, INC., Petitioner,**

v.

**NEW YORK TYPOGRAPHICAL UNION, CWA Local 14156, sued herein as Communications Workers of America New York Typographical Union Local 14156, Respondent.**

No. 04 Civ. 0206(LAK).

United States District Court, S.D. New York.

March 8, 2005.

Terrence P. O'Reilly, O'Reilly Law Associates, P.C., for Petitioner.

Allyson L. Belovin, Levy Ratner, P.C., New York City, for Respondent.

## MEMORANDUM OPINION

KAPLAN, District Judge.

The question before the Court is whether the petitioner ("F & F") is required to arbitrate a dispute with the respondent (the "Union") over the applicability to F & F of a collective bargaining agreement to which the Union is a party (the "CBA").

### Facts

In 1980, Farrington & Favia, Inc. (the "Predecessor F & F") was formed in New York to operate a printing business managed in part by John Farrington ("Farrington").[1]

In 1994, Farrington, by then the controlling shareholder of the Predecessor F & F, entered into a series of agreements with Boro Typographers, Inc. ("Boro") pursuant to which (1) the Predecessor F & F sold to Boro its customer list, the right to use the name Farrington & Favia, and other assets, (2) Boro was to employ Farrington for at least ten years, (3) Boro issued Farrington approximately 5 percent of Boro's outstanding common stock, and (4) Boro extended Farrington a non-recourse loan of $100,000 secured by Farrington's shares of Boro's stock.[2] For part or all of the time during which these agreements were in effect, the business Farrington brought to Boro was handled by a unit known as the Farrington & Favia Division.[3]

Boro and the Union had been parties to a succession of collective bargaining agreements for decades.[4] In connection with the acquisition of the Predecessor F & F's business in 1994, Boro and the Union entered into an agreement in which they recognized that work done for that business "shall be covered by the collective bargaining agreement and shall be bargaining unit work subject to the terms of the agreement."[5]

The CBA at issue here was negotiated by Boro and the Union in 2000 and is effective from October 4, 1996 through March 31, 2005.[6] The parties to the contract are Boro and its affiliated companies and the Union. The contract contains an arbitration clause providing that "[a]ny controversies, disputes, claims, complaints and grievances arising out of or in relation to this Contract ... shall be resolved in accordance with the provisions of this grievance and arbitration procedure."[7]

In 1999, the Predecessor F & F was dissolved by New York's Department of State for failure to pay franchise taxes. Farrington incorporated the petitioner, the

---

1.  Farrington Aff. ¶ 2.

2.  *See* Exs. C, D, E, F, G.
    All citations to exhibits refer to the exhibits appended to the Affirmation of Allyson L. Belovin submitted by the respondent.

3.  Farrington Aff. ¶ 4.

4.  DeIanni Decl. ¶ 5.

5.  Ex. H.

6.  DeIanni Decl. ¶ 15; McShane Decl. ¶ 9; Ex. K at 1.

7.  Ex. K at 1, 3.

name of which is identical to that of the Predecessor F & F, in 2002.[8]

Boro ceased operations on Friday, April 18, 2003. On Monday, April 21, 2003 Farrington resumed, under the petitioner's name and at a different address, the business of what had been the Farrington & Favia Division of Boro. Farrington testified that the six employees who were working for F & F on April 21 had worked for Boro and (with one exception) for the Predecessor F & F, that F & F has continued to service all of the clients of the Farrington & Favia Division but none of the other clients of Boro, and that F & F purchased some equipment from Boro.[9]

F & F has refused to abide by the CBA.[10] In December of 2003, the Union filed a demand for arbitration with the American Arbitration Association.[11] F & F advised that it would not participate in arbitration,[12] and commenced a proceeding in the Supreme Court of New York to stay the arbitration. The respondent removed the proceeding to this Court.

The matter now is before the Court on the Union's motion for summary judgment dismissing the petition and compelling arbitration and F & F's cross motion for summary judgment staying arbitration.

### Discussion

■ As an initial matter, "courts are entrusted with the threshold determination whether a dispute is subject to arbitration under an assertedly applicable agreement to arbitrate."[13]

F & F's major argument in support of its resistance to arbitration is that it was not a party to the CBA. The Union contends that F & F was an affiliate of Boro and therefore a party to the contract. The Court assumes without deciding that F & F is correct, but that does not avail it.

■ In the area of collective bargaining, a corporation that succeeds to the business of another corporation may be required to arbitrate under a contract to which only the predecessor was a party. As the Supreme Court explained in *John Wiley & Sons, Inc. v. Livingston*[14]:

"It would derogate from 'the federal policy of settling labor disputes by arbitration,' ... if a change in the corporate structure or ownership of a business enterprise had the automatic consequence of removing a duty to arbitrate previously established; this is so as much in cases like the present ... as in those in which one owner replaces another but the business entity remains the same."[15]

8. Farrington Aff. ¶ 8.

9. Farrington Dep. 43, 51–52, 56–57.

    The petitioner, in its Counter–Statement of Material Facts not in Dispute, disputes paragraphs in the respondent's Rule 56.1 Statement of Undisputed Material Facts that set forth some of the foregoing information. The petitioner does so, however, by simply listing paragraphs from the respondent's Rule 56.1 Statement without citing any evidence or otherwise explaining its dispute of these paragraphs. This is a violation of Local Rule 56.1. Accordingly, the Court accepts as true those statements in the respondent's Rule 56.1 Statement that contain citations to, and are properly supported by, evidence.

10. DeIanni Decl. ¶ 29.

11. Ex. O.

12. Ex. P.

13. *Stotter Div. of Graduate Plastics Co. v. District 65, UAW*, 991 F.2d 997, 1000 (2d Cir. 1993).

14. 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).

15. *Id.* at 549, 84 S.Ct. 909 (citation omitted).

The determination whether the successor is required to arbitrate depends upon the facts of each case.[16] A necessary condition for compelling such arbitration is the existence of "substantial continuity of identity in the business enterprise,"[17] of which a crucial aspect is "substantial continuity in the identity of the work force across the change in ownership."[18]

*Howard Johnson Co.* ultimately held that arbitration should not be compelled on the facts of that case, but the Court took care to distinguish the sort of case in which:

> "the successor corporation is the 'alter ego' of the predecessor, where it is 'merely a disguised continuance of the old employer.' ... Such cases involve a mere technical change in the structure or identity of the employing entity, frequently to avoid the effect of the labor laws, without any substantial change in its ownership or management."[19]

Thus the Second Circuit has held that the requirement of "substantial continuity of identity in the business enterprise" was satisfied where a corporation purchased the assets of a defunct corporation and retained all of the former corporation's employees, used its name, operated its plant, and produced the same products with the same equipment and methods of production.[20]

These precedents dictate the outcome in this case. There is no serious dispute that, after Boro shut down, the petitioner continued precisely the same business that was subject to the CBA when that business belonged to Boro. So far as the Court is aware, the only things that changed about that business were the name of the corporate entity and the location.

None of this is to be construed as a finding that the substantive provisions of the CBA apply to F & F and its employees. That is a decision for the arbitrators. But for purposes of the case law on a corporation's duty to arbitrate under an agreement to which it was not a party, the requirement of substantial continuity of identity has been satisfied.

The parties have raised other arguments that appear to go to the merits of the underlying dispute. In particular, the parties disagree over whether the definition of "Employer" in Section 3 of the Union Contract extends to Farrington or F & F. The Court finds it unnecessary to address these issues.

For the foregoing reasons, the respondent's motion for summary judgment dismissing the petition and compelling arbitration [docket item 15] is granted. The petitioner's cross-motion to stay arbitration [docket item 25] is denied. The Clerk shall enter final judgment accordingly and close the case.

SO ORDERED.

---

16. *Howard Johnson Co. v. Detroit Local Joint Executive Bd.*, 417 U.S. 249, 256, 94 S.Ct. 2236, 41 L.Ed.2d 46 (1974).

17. *John Wiley & Sons*, 376 U.S. at 551, 84 S.Ct. 909; *accord Howard Johnson Co.*, 417 U.S. at 263, 94 S.Ct. 2236.

18. *Howard Johnson Co.*, 417 U.S. at 263–64, 94 S.Ct. 2236.

19. *Id.* at 261 n. 5, 94 S.Ct. 2236 (citation omitted).

20. *Stotter*, 991 F.2d at 999, 1001.